Tonkin Distributing Co. et al. *v.* United States (No. 4438)[1]

[1] C. A. D. 295.

United States Court of Customs and Patent Appeals, January 4, 1945

*Lawrence & Tuttle* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for appellant.

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Joseph F. Donohue* of counsel), for the United States.

[Oral argument December 6, 1944, by Mr. Tuttle and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, holding certain articles, hereinafter set forth dutiable at 20 per centum ad valorem as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930 as assessed by the collector at the port of San Francisco, rather than as non-alcoholic beverages at 15 cents per gallon under paragraph 808 of that act as claimed by the importers.

The paragraphs in question read:

PAR. 808. Ginger ale, ginger beer, lemonade, soda water, and similar beverages containing no alcohol, and beverages containing less than one-half of 1 per centum of alcohol, not specially provided for, 15 cents per gallon.

PAR. 1558. There shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

It is claimed here by counsel for the importers, as it was in the court below, that the merchandise involved is dutiable either directly under paragraph 808, *supra*, or by similitude by virtue of the similitude clause in paragraph 1559 of the Tariff Act of 1930.

The pertinent part of paragraph 1559 reads:

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned * * *.

It is well settled that paragraph 808, *supra*, was intended by the Congress to provide for beverages only, and that it was not the intention of the Congress to provide in that paragraph for preparations which, in their imported condition, were not beverages. See *Strohmeyer & Arpe Co.* v. *United States*, 28 C. C. P. A. (Customs) 34, 39, C. A. D. 121, and cases therein cited. In that case we quoted with approval the definition of the term "beverage," as it appears in Webster's New International Dictionary, as follows: "Liquid for drinking; drink; usually, drink artificially prepared and of an agreeable flavor; as an intoxicating *beverage*."

Originally there were six protests involved in this appeal.

In its decision, the trial court dismissed protest No. 682367–G on the ground that it was insufficient, under the.law, to call the collector's attention to the claims intended to be made therein.

At the time of the oral arguments in this court, counsel for appellants moved to dismiss the appeal so far as it relates to protest No. 682367–G.

The motion will be granted.

That leaves for our consideration the merchandise covered by protests Nos. 527757–G, 532736–G, 545180–G, 571256–G, and 571258–G, which protests were consolidated for the purpose of the trial.

It appears from the record that the merchandise in question consists of Silver Slipper London Dry, Creme de Cafe, Red Curacao, Green Menthe, Grenadine, Cacao, Yellow Chartonine,. Goldwasser, Cherry, Kummel, Apricot, Abtei, Pfeffermunz, Blackberry, Rum Punch, Herzkirsch, Coloring Caramel, Anisette, Negrit Punch, Apricosta, Peach fl. syrup, Menthe verte, Blackberry syrup, Prunelle, Maraschino, Ardine, Imperiale, Salambo, Bardinetine, Curachyp, Orange fl. syrup, Saint Martial, Creme de Cassis, Pousse Cafe, and Sirop D'Orgeat.

Nonalcoholic Vermouth, which was included in one or more of the importations, was classified by the collector as a beverage under paragraph 808, *supra*, as claimed by appellants, and no contention is made here that that classification was erroneous.

It is conceded by counsel for appellants that Grenadine, covered by protest No. 527757–G is not dutiable as a beverage in view of our decision in the *Strohmeyer & Arpe Co.* case, *supra*. Counsel contend, however, as hereinbefore noted, that the remaining articles covered by the protests are dutiable either·directly or indirectly under paragraph 808, *supra*.

As stated by the trial court, the evidence introduced by appellants is somewhat conflicting.

No evidence was introduced by the Government.

The trial court, after considering the evidence of record, held that none of the involved articles was a beverage in its imported condition; that each was used as an ingredient in the making of beverages; and that the articles in question were not beverages within the purview of paragraph 808, *supra*, and were not dutiable thereunder by virtue of the similitude clause contained in paragraph 1559, *supra*. In so holding, the court stated that this court, in the cases of *Porges & Levy* v. *United States*, 15 Ct. Cust. Appls. 298, T. D. 42474, and *Strohmeyer & Arpe Co.* v. *United States*, *supra*, held that as paragraph 808, *supra*, was restricted to beverages, the similitude provisions contained in paragraph 1559, *supra*, were not applicable, and, accordingly, overruled the protests, except protest No. 682367–G which was dismissed for the reasons hereinbefore stated.

It is contended here by counsel for appellants that the involved

articles are beverages similar to ginger ale, ginger beer, lemonade, and soda water, containing no alcohol, and that they are dutiable as such under the first provision of paragraph 808, *supra*, or, if not dutiable under that provision, that they are dutiable under the second provision of that paragraph as beverages containing less than one-half of 1 per centum of alcohol, not specially provided for.

That the involved articles are not similar to the beverages enumerated in paragraph 808, *supra*, is so obvious from the evidence of record as to require no discussion.

We now proceed to consider the argument of counsel for appellants that the involved articles are dutiable under the second provision of paragraph 808, *supra*, either directly or by virtue of the similitude clause contained in paragraph 1559, *supra*.

In the *Strohmeyer & Arpe Co.* case, *supra*, it was held that beverages containing no alcohol were covered by the provision in paragraph 808, *supra*, for beverages containing less than one-half of 1 per centum of alcohol, not specially provided for. Accordingly, the fact that the articles here in question contain no alcohol has no bearing on the issues in the case.

Although two of the importers' witnesses (Sidney Modlin, a partner of the Tonkin Distributing Co., one of the importers, and Herman Gumpel, president of Rathjen Brothers, Inc., the other importer) testified that the involved articles are nonalcoholic cordials, the witness George P. Dimpfel, an examiner of merchandise at the port of San Francisco, testifying for the importers, stated that none of the articles in question are cordials. Furthermore, it appears from the record that all of the involved articles, except Creme de Cafe, are used as ingredients in the making of beverages, and are not used as beverages in their imported condition.

The witness Gumpel testified that approximately 25 per centum of the articles named on pages 2 and 3 of Exhibit 1 are used as a "dressing for ice cream," and that approximately 75 per centum are used as ingredients in the making of beverages. He further testified that all of the articles enumerated on those pages, which includes all of the articles here involved except Creme de Cafe, Green Menthe, and Yellow Chartonine, would, if drunk straight, make one sick.

There is some evidence to the effect that all of the articles in question are substantially the same and that they are used for substantially the same purpose. However, the witness Modlin testified that Creme de Cafe has a coffee flavor and is used the same as coffee; that Goldwasser is a nonalcoholic wine; that Kummel is a very nice drink and may be drunk either straight or mixed with soda water; and that Abtei is a nonalcoholic drink like wine. Unfortunately, that testimony, *except so far as it relates to Creme de Cafe* which is listed on page 1 of Exhibit 1, conflicts directly with the testimony of appel-

lants' witness Gumpel, who, as hereinbefore noted, *testified that the preparations listed on pages 2 and 3 of that exhibit,* which includes Goldwasser, Kummel, and Abtei, *would make one sick if drunk straight.*

It is argued by counsel for appellants that the use of the involved articles as beverages is substantial, and that, although they are not principally so used, they should be classified as beverages.

It is true that two of the importers' witnesses testified that they had seen articles like some of those here in question drunk without having been mixed with some other substance. However, it is apparent from the record that use of the involved articles as beverages in their imported condition is fugitive, not substantial.

We are of opinion that the testimony of the witness Modlin is sufficient to warrant a holding that Creme de Cafe, which he testified is used the same as coffee, is a beverage within the purview of paragraph 808, *supra.* However, as to the other articles in question, we are of opinion, as was the trial court, that, so far as appears from the evidence of record, they are not beverages and that their use as such is fugitive. We are also of opinion that they are not similar to the beverages provided for in paragraph 808, *supra,* in material, quality, texture, or use, and that they are dutiable as assessed by the collector, and as held by the trial court, as nonenumerated manufactured articles.

It is also argued by counsel for appellants that the record establishes that the articles in question have uses similar to that of Vermouth, and that as the collector classified nonalcoholic Vermouth as a beverage under paragraph 808, *supra,* the involved articles should also be classified as beverages under that paragraph.

Alcoholic Vermouth is provided for as a beverage under paragraph 804 of the Tariff Act of 1930, and it is possible that for that reason the collector classified nonalcoholic Vermouth as a beverage. However, whatever may have been his reason for so doing, it does not follow that the articles in question are dutiable as beverages. It may be added that the classification of nonalcoholic Vermouth is not an issue before us, and we express no opinion with regard thereto.

It should be understood that this appeal has been decided by us solely on the record presented.

The appeal is dismissed as to protest No. 682367–G of the Tonkin Distributing Co.

For the reasons hereinbefore stated, the judgment of the trial court is *modified,* being *reversed* so far as it held that the Creme de Cafe, covered by protest No. 532736–G, is not a beverage, and in all other respects *affirmed.*